C. D. Michel – SBN 144258
cmichel@michellawyers.com
Tiffany D. Cheuvront – SBN 317144
tcheuvront@michellawyers.com
Matthew D. Cubeiro – SBN 291519
mcubeiro@michellawyers.com
**MICHEL & ASSOCIATES, P.C.**
180 East Ocean Boulevard, Suite 200
Long Beach, CA 90802
Telephone: 562-216-4444
Facsimile: 562-216-4445

Attorneys for Plaintiff

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GREGORY ERNEST LARKIN,<br>Plaintiff,<br>vs.<br>ROB BONTA, as an individual and in his official capacity as Attorney General of the State of California; BLAKE GRAHAM, as an individual and in his official capacity as the Director of the Bureau of Firearms; and DOES 1-10,<br>Defendants. | CASE NO. '22CV1532 JLS MSB<br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

Plaintiff Gregory Ernest Larkin, through his counsel, makes the following allegations:

**INTRODUCTION**

1. Plaintiff Gregory Ernest Larkin was charged in 1971 for a crime involving the possession of marijuana for sale. Plaintiff Larkin served probation for this crime, and per the plea agreement at the time, the sentence was to be suspended upon completing his probation. Plaintiff Larkin realized that this was never noted on his criminal record, and in 2018 he petitioned the court to reduce the sentence to a

misdemeanor. The Court approved the reduction of the charges. In 2019, Plaintiff Larkin was able to lawfully purchase a firearm. In 2021, Plaintiff Larkin was denied the ability to purchase a firearm or possess a firearm. Upon investigation, he learned that his criminal record had never been updated by the California Department of Justice. Plaintiff Larkin is seeking declaratory and injunctive relief and attorney fees to correct his criminal record.

2. Plaintiff Larkin was convicted in 1971 of violating California Health & Safety Code section 11530 (possession of marijuana for sale) in Orange County, California. Plaintiff Larkin was convicted in 1971 of this offense with a suspended sentence upon completion of five years of probation.

3. Upon completion of the five years of probation, Plaintiff Larkin's record was not corrected. So, in 2018, Plaintiff Larkin petitioned the Superior Court of California for a reduction of charges from a felony to a misdemeanor. This was granted with no objections under Proposition 64.

4. In 2019, Plaintiff Larkin was able to purchase firearms and received approval from the California Department of Justice ("DOJ") to lawfully purchase and possess firearms.

5. In 2021, Plaintiff Larkin again attempted to purchase a firearm and was denied for a prohibiting event on his record. There were no new charges on his record since his approval to purchase firearms in 2019. At this same time Plaintiff Larkin was notified by the Department of Alcohol Tobacco & Firearms ("ATF") that he should not longer be in possession of any firearms as well due to this status.

6. Notwithstanding the court order in 2018 clarifying that Larkin did not have a disqualifying conviction arising from his 1971 suspended sentence, the DOJ refuses to allow any authorized dealer to sell or transfer a firearm to Plaintiff Larkin on the premises of a purported disqualifying conviction from 1971. To remedy these continual denials of Plaintiff's right to possess and own a firearm, Plaintiff brings this suit to enjoin DOJ from further refusing to allow transfer of firearms to him, to

correct his criminal record in DOJ's databases with regard to the effect of the 1971 drug possession charge, and to recover his attorney's fees and other costs incurred as a result of the wrongful denials.

7. Although the Second Amendment to the United States Constitution guarantees the right of an individual to keep and bear arms for self-defense (*District of Columbia v. Heller*, 554 US 570 (2008)), any person who has committed a felony is ineligible to possess or to purchase a firearm through a licensed dealer. 18 U.S.C. § 922(g)(9) (2022).

8. In California, offenses that fall under specific sections of the Health & Safety Code, dealing with marijuana convictions, can be reduced upon petition to the court for reduction in sentence.

9. Under 18 U.S.C. § 925A, any person denied a firearm § 922(s) or (t) due to the provisions of erroneous information relative to the person by any state or political subdivision thereof, or by the national instant criminal background check system (referred to as "NICS"), and who was not prohibited from receipt of a firearm pursuant to other federal law, may bring an independent action under § 925A.

10. Plaintiff Larkin has attempted to purchase a firearm through a California licensed firearm dealer. Because the DOJ continues to erroneously classify Plaintiff as a felon (even after allowing him to purchase firearms for a short period of time from 2019-2021), it continues to deny him the ability to purchase a firearm. Plaintiff has attempted to appeal the DOJ's erroneous determination and redetermine his eligibility to purchase or possess a firearm, having made such attempts from 2021 forward, but DOJ refuses to correct its determination. Plaintiff has no other known course of remedy through the DOJ's or another process to correct his record such that he could exercise his right to purchase or possess firearms. Plaintiff therefore seeks for this Court to (1) declare that Defendants have infringed upon Plaintiff's constitutional rights and have wrongfully denied him the purchase or possess a firearm; (2) restore Plaintiff's constitutional rights including the right to be eligible to

purchase and possess a firearm in California; (3) enjoin Defendant from continuing to deny Plaintiff his constitutional rights, including the right to purchase and possess a firearm; and (4) award Plaintiff his reasonable attorney's fees and costs of suit.

## JURISDICTION AND VENUE

11. The Court has original jurisdiction of this civil action under 28 U.S.C. § 1331 because the action arises under the Constitution and laws of the United States, thus raising federal questions. The Court also has jurisdiction under 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983 since this action seeks to redress the deprivation, under color of the laws, statutes, ordinances, regulations, customs, and usages of the State of California and political subdivisions thereof, of rights, privileges or immunities secured by the United States Constitution and by Acts of Congress.

12. Plaintiffs' claims for declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201 and 2202, respectively, and their claim for attorneys' fees is authorized under 42 U.S.C. § 1988.

13. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

### Plaintiff

14. Plaintiff GREGORY ERNEST LARKIN is a resident of San Diego, California and a law-abiding citizen of the United States. Plaintiff Larkin seeks to lawfully acquire a firearm for self-defense and other lawful purposes. But for a denial of Plaintiff Larkin's ability to purchase a firearm by the State of California, based upon incorrect information within their DOJ's background check system, Plaintiff Larkin would immediately acquire and possess a firearm as per his constitutional right to do so.

15. Plaintiff Larkin is eligible under the laws of the United States and of the State of California to receive and possess a firearm.

**Defendants**

16. Defendant ROB BONTA is the Attorney General of California. He is the chief law enforcement officer of California. Defendant Bonta is charged by Article V, Section 13 of the California Constitution with the duty to see that the laws of California are uniformly and adequately enforced. Defendant Bonta also has direct supervision over every district attorney and sheriff in all matters pertaining to the duties of their respective officers. Defendant Bonta also has direct supervision over every district attorney, sheriff, and all personnel managing the firearm background check system and correction of criminal records for the state in all matters pertaining to the duties of their respective assignments. In this regard, Defendant Bonta has direct supervisory authority over the Director of the Bureau of Firearms and Director of the Bureau of Criminal Information and Analysis and the Records Review and Challenge Section. Defendant Bonta also has the responsibility to enforce state laws that do not interfere with federal law and to not act in a manner that would interfere with federally protected rights by misuse of power entrusted to him under state law. He is sued in his personal and professional capacity as Attorney General and head of the California Department of Justice ("DOJ").

17. Defendant BLAKE GRAHAM is the Director of the Bureau of Firearms ("BOF"), a political division of the California DOJ. He is the chief policy maker of the BOF. Defendant Lopez has direct supervision over all BOF personnel managing the firearm background check system as well as all personnel handling the appeals from eligibility determinations. Defendant Lopez also has the responsibility to enforce state laws that do not interfere with federal law and to not act in a manner that would interfere with federally protected rights by misuse of the power entrusted to him under state law. He is sued in his personal and official capacity as the Director of the Bureau of Firearms.

18. The true names or capacities, whether individual, corporate, associate or otherwise of the Defendants named herein as DOES 1-10, are presently unknown to

Plaintiffs, who therefore sue said Defendants by such fictitious names. Plaintiffs pray for leave to amend this Complaint to show the true names or capacities of these Defendants if, and when, the same have been determined.

19. Defendants Bonta and Does 1-10 are responsible for formulating, executing, and administering California's firearm laws and correction of criminal records at issue in this lawsuit and are in fact presently enforcing them.

20. Defendants enforce California's firearm laws against Plaintiff and other California citizens under color of state law within the meaning of 42 U.S.C. § 1983.

## FACTUAL BACKGROUND

21. Plaintiff Larkin appeared in court on November 30, 1971, was sentenced to five years' probation and one year in jail. Plaintiff Larkin signed a plea agreement that stated his impending sentence would be suspended upon conditions of (1) one year in county jail and (2) probation for five years. Plaintiff Larkin was never actually sentenced to state prison. That suspension of sentence was never noted in Plaintiff's criminal record.

22. In 2018, Plaintiff Larkin, through his counsel, petitioned the Superior Court for application of reduction or dismissal/Sealing of Records. There was no objection by the District Attorney and the Court approved the petition, thus granting the change in disposition and a reduction in the charges on his record officially. The Minute Order of the Court states that "Any felony conviction that is recalled and resentenced under subdivision (b) or designated as a misdemeanor or infraction under subdivision (f) of the Health & Safety Code section 11361.8, shall be considered a misdemeanor or infraction for all purposes." (Ex. 1)

23. In July 2019, Plaintiff Larkin received approval to purchase firearms from the California Department of Justice and in 2019 successfully purchased firearms. (Ex. 2)

24. In 2021, Plaintiff Larkin again attempted to purchase a firearm and was denied due to a "prohibiting event" on his criminal record. (Ex. 3) There are no new

incidents on Plaintiff Larkin's criminal record that would prohibit firearm acquisition since his approval in 2019. Due to this denial, Plaintiff Larkin turned over his firearms to a Federal Firearm Licensee for safekeeping until these issues with his record can be resolved. Plaintiff Larkin was informed by an agent of the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") that this relinquishing of his firearms was necessary based upon the denial.

25. Plaintiff Larkin sought the advice of an attorney who at that time contacted the Federal Bureau of Investigation ("FBI") regarding the denial. The FBI informed Plaintiff Larkin and counsel that there does appear to be a prohibiting event on Plaintiff Larkin's records, and that the FBI has no authority to update his record, even if Plaintiff undertook a NICS appeal (28 C.F.R. § 25.10(a) (2022)), because the prohibiting information comes from the California DOJ's records. Plaintiff Larkin was told by the FBI he would need to reach out to the California DOJ to have his criminal record corrected; the NICS appeal could not remove the prohibiting information, only the California DOJ could remove the prohibiting information. Thus, filing a NICS appeal would be futile. (Ex. 4)

26. On February 28, 2022 Plaintiff Larkin, through his counsel, began a dialogue with DOJ attorneys regarding the prohibiting events on his record and how to get this changed given the 2018 court order to reduce the conviction to a misdemeanor. The DOJ attorneys went back and forth with Plaintiff's attorney until they conceded that based on the court order this 1971 conviction should not be a prohibiting factor.

27. In the past this same office within DOJ has assisted in submitting the information regarding corrections to criminal records over to the DOJ Bureau of Criminal Information & Analysis ("BCIA") where the records are actually corrected. This time, the DOJ attorney refused to assist in the records correction due to the "statutory process" and suggested that the information be sent by Plaintiff to the BCIA on their own without any input from the DOJ attorney who looked at the

research and noted that this charge on Plaintiff Larkin's criminal record is not a prohibitive event.

28. Plaintiff Larkin, through his attorney, submitted a packet of detailed documents, evidence, and the conclusions of the DOJ attorneys to the BCIA on May 4, 2022. Plaintiff Larkin's attorneys have followed up several times with BCIA on the status of the records correction and always receive the same standard response that the request to update Plaintiff's records are pending review. (Ex. 5) Plaintiff Larkin's attorneys have also reached back out to the DOJ attorneys who have refused to offer more help in seeing these changes through even though it has been many months. (Ex. 6) Plaintiff's attorney has attempted to call BCIA directly and cannot get a live person on the phone to speak about the requested correction. As of the time of this filing, Plaintiff Larkin has still not received confirming communication from BCIA that the corrections have been completed even though it has been five months. Because BCIA refuses to process or take further action on Plaintiff's appeal to BCIA, Plaintiff believes that BCIA intends to take no action on Plaintiff's appeal, and that Plaintiff has no further remedy through BCIA or DOJ that he can pursue.

29. Other than Plaintiff's efforts to have DOJ correct Plaintiff's records described hereinabove, Plaintiff is unaware of any other procedure for correcting his record so as to allow him to possess and purchase firearms. On information and belief, the DOJ's refusal to correct Plaintiff's record, to meaningfully engage with Plaintiff or his counsel about the correction of Plaintiff's criminal record, and the DOJ's failure to otherwise restore Plaintiff's right to possess and purchase firearms will continue indefinitely.

## GENERAL ALLEGATIONS

### CLAIM 1: Violation of the Right to Keep and Bear Arms (U.S. CONST. amend. II) Against All Defendants

30. Paragraphs 1-29 are realleged and incorporated by reference.

31. The Second Amendment to the United States Constitution declares that

"the right of the people to keep and bear arms shall not be infringed." U.S. Const. amend. II. This right of the people to keep and bear arms has been applied as an individual right of law-abiding citizens for lawful purposes. *District of Columbia v. Heller*, 554 U.S. 628 (2008). The Second Amendment is incorporated to the Sates through the Fourteenth Amendment. U.S. CONST. amend XIV.[1]

32. The United States Supreme Court has concluded (four times) that "[s]elf-defense is a basic right, recognized by many legal systems from ancient times to the present day, and . . . individual self-defense is 'the central component' of the Second Amendment right." *McDonald v. City of Chicago*, 561 U.S. 742, 767 (2010) (quoting *Heller*, 554 U.S. at 628); *see also Caetano v. Massachusetts*, 577 U.S. 411, 413 (2016); and *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. at __, 142 S. Ct. 2111, 2126, 2156 (2022)

33. The Supreme Court has also held that the Second Amendment right to keep and bear arms is incorporated into the Due Process Clause of the Fourteenth Amendment and so may not be infringed by state and local governments. *McDonald*, 561 U.S. at 750.

34. While the Second Amendment is a fundamental individual right established in the Constitution, courts have ruled that the right to keep and bear arms can be restricted for means of public safety. To those ends, California and the United States have established regulations that limit this right to individuals who are not convicted of certain crimes. For California those prohibited crimes are found under California Penal Code section 29900 or 29905. These crimes are generally felonies or domestic violence crimes and some misdemeanors that are considered more violent in nature.

---

[1] "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law…" Senator Jacob Howard, when introducing the amendment, explained that its purpose was to protect "personal rights" such as "the right to keep and bear arms" from State infringement. CONG. GLOBE, 39th 1st Sess., 2765 (May 23, 1866).

35. In 1971, Plaintiff was convicted of violating California Health & Safety Code section 11530 (possession of marijuana for sale). In California, offenses that are punishable as either a felony or a misdemeanor are known as "wobbler" offenses. *People v. Park*, 56 Cal. 4th 782, 789 (2013). These "wobbler" offenses give the judge the discretion to reduce a charge from a felony to a misdemeanor. In Plaintiff's case, he appeared in Superior Court and the Court accepted his guilty plea and sentenced him to county jail but suspended that sentence in lieu of five years of probation. Plaintiff never served jail time.

36. Additionally, Plaintiff signed a plea agreement which stated that his impending sentence would be suspended upon conditions of 1) one year in county jail and 2) probation for five years. (Ex. 7)

37. Plaintiffs criminal record shows that the same charges of violating California Health & Safety Code section 11530 are listed with a disposition of "Misdemeanor" by the California Sheriff Office (CASO) Santa Ana while the charge is listed in the disposition as a "Felony" by the California Superior Court. (Ex. 8)

38. Plaintiff petitioned the Superior Court for application of reduction or dismissal/sealing of records in 2018 under Proposition 64. There was no objection from the public defender and the court approved the petition thus granting Plaintiff a reduction in the charges on his record. The Minute Order from the court states that "[a]ny felony conviction that is recalled and resentenced under subdivision (b) or designated as a misdemeanor or infraction under subdivision (f) of Health & Safety Code section 11361.8, shall be considered a misdemeanor or infraction for all purposes." The redesignation does not preclude the right to own or possess firearms. *See* CAL. PEN. CODE § 1170.18(k) (Deering 2022). (Ex. 1)

39. The Court has 30 days to report to the DOJ any changes in criminal disposition such as a reduction. Upon information and belief, we have no reason to thin that this reporting did not take place.[2]

---

[2] https://www.courts.ca.gov/documents/prop64-Memo-20170522.pdf

40. In 2021, after being able to successfully purchase firearms from 2018 until 2021, Plaintiff was denied the ability to purchase or possess firearms due to a purported "prohibiting event" on his criminal record. There are no new incidents on his record that would prohibit Plaintiff from purchasing firearms. Due to this denial, Plaintiff dutifully turned over his firearms to a Federal Firearms Licensee, per the suggestion of the ATF, for safe keeping and began working with an attorney to resolve the issue.

41. Plaintiff approached the Federal Bureau of Investigation ("FBI") since they were the agency that initially flagged the 2021 denial because of the inaccurate records. The FBI told Plaintiff that they could not do anything to correct the record and that he would have to contact the California "DOJ".[3]

42. Plaintiff, through his attorney, began working with the DOJ attorneys in the Bureau of Firearms to establish that the offense on his record was not a prohibitable offense since receiving the reduction from the court in 2018. They admitted that this is the truth and Plaintiff has no reason to believe otherwise based on those communications.

43. Plaintiff then took this information and submitted a request for record correction to the California Bureau of Criminal Information & Analysis ("BCIA") on May 4, 2022. (Ex. 9)

44. The BCIA is a subdivision of the DOJ. Plaintiff has been waiting for his record correction since that time and as of the date of this filing has still not received confirmation of the record being corrected per the 2018 court order.

45. Defendant's failure to recognize that Plaintiff's conviction is not one that would prevent him from lawfully obtaining a firearm, ignoring Plaintiff's repeated requests to have his criminal record corrected, and refusal to issue Plaintiff

---

[3] The FBI has advised Plaintiff that since "the FBI CJIS Division does not own or maintain California State Criminal History Records," they "cannot make corrections or changes to the record." The FBI uses records maintained by the state record system which, for California, is maintained by the Bureau of Criminal Information & Analysis.

a positive disposition to purchase a firearm is a direct attack upon the Second Amendment rights of Plaintiff to acquire, keep, possess, and transfer a firearm. Defendants are continually violating Plaintiff's rights by refusing to correct the criminal record or properly interpret his records so that proper notice is provided to those conducting the background services, and Defendant Bonta, acting under the color of law, is specifically acting to violate Plaintiff's Second Amendment rights by continually denying Plaintiff the ability to purchase a firearm for a lawful purpose.

46. When a person is improperly denied the right to keep and bear arms due to inaccuracy of the federal government or state government's system for processing accurate information, it is a direct violation of the individual's constitutional rights. In *United States v. Barton*, 633 F.3d 168 (3d Cir. 2011), the Court held that the prohibition of § 922 (g)(1) does not violate the Second Amendment on its face, but it remains subject to as-applied constitutional challenges. *Id.* at 172-73.

47. A 42 U.S.C. § 1983 action is proper where "the deprivation of any rights, privileges, or immunities, secured by the Constitution and laws, by a person acting under the color of law." A § 1983 claim may be asserted against a state official for constitutional violations when such claim seeks only prospective relief. *See Ex Parte Young*, 209 U.S. 123, 155-56 (1908).

**CLAIM 2: Violation of the Due Process Clause**
**(U.S. CONST. amend. XIV)**
**Against All Defendants**

48. Paragraphs 1-47 are realleged and incorporated by reference.

49. The Due Process Clause of the Fourteenth Amendment provides that "No state shall … deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV.

50. "The touchstone of due process is "protection of the individual against arbitrary action of government." *Wolff v. McDonnell*, 418 U.S. 539, 558 (1974); *see, e.g.*, *County of Sacramento v. Lewis*, 523 U.S. 833, 845 (1998) (collecting cases).

"Historically, this guarantee of due process has been applied to deliberate decisions of government officials to deprive a person of life, liberty, or property." *Daniels v. Williams*, 474 U.S. 327, 665 (1986).

51. Legislation that changes the law retroactively—making illegal conduct that was legal when undertaken—is especially likely to run afoul of the Due Process Clause. *See Usery v. Turner Elkhorn Mining Co.*, 428 U.S. 1, 16-17 (1976); *E. Enterprs. v. Apfel*, 524 U.S. 498, 547-50 (1998) (Kennedy, J., concurring in part and dissenting in part). "If retroactive laws change the legal consequences of transactions long closed, the change can destroy the reasonable certainty and security which are the very objects of property ownership. Consequently, due process protection for property must be understood to incorporate our settled tradition against retroactive laws of great severity." *Id.* at 548-49. Plaintiff was convicted of a crime that his record indicated was a felony, but the sentencing of the court and the plea agreement indicated was not a felony. Additionally, Plaintiff was awarded a reduction by the Superior Court in 2018 which is why his record should have been corrected for a second time by DOJ, but never was.

52. A law that deprives an owner of private property without legitimate justification violates the Due Process Clause regardless of whether it also violates the Takings Clause. *See Lingle v. Chevron U. S. A., Inc.*, 544 U.S. 528, 541-42, 548-49 (Kennedy, J., concurring).

53. Due to the recent denial of Plaintiff to purchase firearms based upon his record that was never updated from the court in 1971 or from the court reduction in 2018, Plaintiff has been forced to remove his property (firearms) from his possession and store them with a federal firearm licensee. This removal of Plaintiff's firearms comes after his approval by DOJ to purchase firearms in 2019. Plaintiff is thus being denied his property because of the refusal of Defendants to correct his record.

54. Defendants' failure to properly apply statutes based upon the sentencing of the court in 1971, the plea agreement signed in good faith, and the court ordered

reduction in 2018, is a clear violation of Plaintiff's Due Process rights under the United States Constitution. Defendants are continually violating Plaintiff's rights by refusing to correct their records so that proper notice is provided to those conducting the background services and Defendants, acting under the color of law, are specifically acting to violate Plaintiff's Due Process rights by continually denying Plaintiff the ability to purchase or even possess his property for a lawful purpose.

55. A 42 U.S.C. § 1983 action is proper where "the deprivation of any rights, privileges, or immunities, secured by the Constitution and laws, by a person acting under the color of law." A § 1983 claim may be asserted against a state official for constitutional violations when such claim seeks only prospective relief. *See Ex Parte Young*, 209 U.S. at 155-56.

**CLAIM 3: Violation of Equal Protection Clause**
**(U. S. CONST. amend. XIV)**
**Against All Defendants**

56. Paragraphs 1-55 are realleged and incorporated by reference.

57. The Equal Protection Clause of the Fourteenth Amendment of the United States Constitution prohibits states from denying any person within its territory the equal protection of the laws. U.S. CONST. amend. XIV. This means that a state must treat an individual in the same manner as others in similar conditions and circumstances.

58. The purpose of the Equal Protection Clause is to force the federal and state governments to govern impartially and not to draw differences in individuals for items that are irrelevant to a legitimate government purpose and is essential to the equal protection of civil rights.

59. The Equal Protection Clause of the Fourteenth Amendment of the United States Constitution prohibits states from denying any person within its territory the equal protection of the laws. U.S. CONST. amend. XIV. The Equal Protections Clause's purpose is to force the federal and state governments to govern

impartially. This is essential to the protection of individual civil rights.

60. A § 1983 action may be brought against a person acting "under the color of [state]law." Liability lies against those "who carry a badge of authority of a State and represent it in some capacity, whether they act in accordance with their authority or misuse it." *Monroe v. Pape*, 365 U.S. 167, 172 (1971). A state official interferes with federal rights by either enforcing state laws that conflict with federal law or when the state official deprives persons of their federal rights. *Home Telephone and Telegraph v. Los Angeles*, 227 U.S. 278, 288 (1913). A § 1983 claim may be asserted against a state official for constitutional violations when such claim seeks only prospective relief. *See Ex Parte Young*, 209 U.S. at 155-56.

61. Defendants, acting under color of law, have repeatedly and continually denied the rights of Plaintiff by denying him equal protection. Plaintiff is part of a class of persons, law-abiding citizens who are not felons, who are not in violation of California Penal Code sections 29900 or 29905, who are allowed to purchase a firearm for lawful purposes. Notwithstanding Plaintiff being a part of this class of persons entitled to purchase a firearm, Defendants have and continue to deny Plaintiff his right to keep and bear arms by failing to protect his interests through proper and corrective measures to his criminal record, or through proper interpretation of his criminal record. Defendant's acting under the color of law, in the denial of Plaintiff's constitutional rights are therefore held liable as individuals and in their official capacity under 42 U.S.C. § 1983.

**CLAIM 4: Action for Wrongful Denial of a Firearm Purchase**
**(18 U.S.C. § 925A)**
**Against All Defendants**

62. Paragraphs 1-61 are realleged and incorporated by reference.

63. Any person who is denied a firearm pursuant to § 922(s) or (t) may bring an action due to the provision of erroneous information relating to the person by any State or political subdivision thereof.

64. Plaintiff made numerous attempts to explain the misinformation in his criminal record and Defendants refused to respond by affirmation and correction that Plaintiff's criminal record has been corrected. Plaintiff, through his attorney, worked with DOJ attorneys to confirm that the charge in question was not a prohibiting incident and to confirm that the Superior Court order did in fact reduce that charge once and for all to a misdemeanor. DOJ attorneys confirmed this and know that the charge in question is no longer prohibiting, yet refuse to assist in the process of getting this information to the BCIA for the proper record correction. (Ex. 6) Plaintiff provided detailed information including a step-by-step outline of the criminal record and the corrective documentation to by DOJ attorneys and BCIA for months. Plaintiff contested the incorrect dispositions on his criminal record and provided the proper evidence to have the record corrected. Defendants continue to unlawfully and erroneously deny him the right to acquire firearms.

65. Defendants continually deny Plaintiff his right to keep and bear arms by failing to protect his interests through proper and corrective measured to his criminal record. Because of the inaction on behalf of Defendants to correct Plaintiff's criminal records, or to properly interpret them, Plaintiff seeks an injunction preventing Defendants from continuing to represent to firearms dealers that Plaintiff is prohibited from purchasing a firearm.

## DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF ALLEGATIONS

66. Paragraphs 1-65 are realleged and incorporated by reference.

67. There is an actual and present controversy between the parties. Plaintiff contends that Defendants' denial of Plaintiff's ability to purchase a firearm infringes on Plaintiff's right to keep and bear arms under the Second and Fourteenth Amendments to the United States Constitution, by imposing upon Plaintiff a restriction which is imposed upon those convicted of a felony crime of which he has *not* been convicted. Plaintiff contends that there has been a violation of his right to

due process by the Defendants' failure to correct his criminal record, to reflect a misdemeanor, so that proper background information may be processes when he attempts to purchase a firearm. Plaintiff further, and in the alternative, contends that there has been a violation of his right to due process by the Defendants' failure to properly interpret his criminal record to read the conviction listed thereon as a non-disqualifying misdemeanor. Plaintiff has exhausted all administrative remedies to correct the mistakes in his criminal record by submitting numerous letters, requests for criminal history to be reviewed, following up regularly with the BCIA, providing detailed information and evidence to support the requested changes, and filing appeals. None of these reasonable efforts have resulted in Defendants properly correcting their records or properly interpreting their records. Plaintiff received no determination as of the date of this filing from BCIA and has only received generic emails since May of 2021 stating that the documents are in process.

68. Plaintiff, through his attorney, has reached out to BCIA numerous times and has been unable to speak to a live person on the phone or via email.

69. Plaintiff, through his attorney, asked for assistance from the DOJ attorney familiar with this matter and was told they have no contacts in the BCIA division of the DOJ and they were unable to assist in getting a determination completed or records updated (even though the DOJ Attorney agrees that the conviction should not be a prohibiting offense) because the records are corrected in BCIA and not in his office.

70. Plaintiff further contends that he has been denied equal protection under the law by the Defendants, acting under color of law, in the refusal to correct his criminal record to show the proper disposition of his misdemeanor conviction, or, in the alternative, to interpret his criminal record in a manner consistent with state law and as it is interpreted as to other California residents with similar convictions. Defendants' refusal to afford Plaintiff equal protection of the law has resulted in Plaintiff's ability to exercise his Second Amendment right to keep and bear arms

being infringed. Defendants deny these contentions. Plaintiff desires a judicial declaration that the actions of Defendants, and each of them, have violated the constitutional rights of Plaintiff.

71. If not enjoined by the Court, Defendants will continue to deny Plaintiff his constitutional rights and continue to deny him the ability to purchase a firearm as such denial is defined under 18 U.S.C. § 925A.

## PRAYER FOR RELIEF

Plaintiffs pray that the Court:

1. Enter a declaratory judgment under 28 U.S.C. § 2201 that Defendants' actions have violated his rights under the U.S. Constitution, because such actions taken by Defendants infringe on Plaintiff's right to keep and bear arms, Plaintiff's right to Due Process under the law, and Plaintiff's right to Equal Protection of the law, and are arbitrary actions by state actors acting under the color of law;

2. Issue an injunction directing Defendants to immediately cease their actions that would deprive Plaintiff of his constitutional rights, including (1) directing Defendants to correct Plaintiff's criminal record to reflect the proper conviction disposition of a misdemeanor charge for his 1971 conviction; (2) directing Defendants to inform and direct the DOJ and the Bureau of Firearms to issues approval letters for the purchase of firearms based upon Plaintiff's non-prohibited status when a Dealer Record of Sale is initiated by Plaintiff, when a Certificate of Eligibility is sought by Plaintiff, or when a Personal Firearms Eligibility Check is requested; (3) to enjoin Defendants from representing to firearms dealers and other agencies that Plaintiff is prohibited from purchasing or possessing a firearm when a Dealer Record of Sale is initiated by Plaintiff, when a Certificate of Eligibility is sought by Plaintiff, or when a Personal Firearm Eligibility Check is requested; (4) directing Defendants to inform and direct the DOJ and the Bureau of Firearms to cease representing to firearms dealers that Plaintiff is prohibited from purchasing a firearm when a Dealer Record of Sale is

initiated by Plaintiff, when a Certificate of Eligibility if sought by Plaintiff, or when a Personal Firearms Eligibility Check is requested; (5) to direct Defendants to notify all federal agencies that participate in background check processes and approval of applicants to lawfully purchase firearms of all corrections to the criminal record and that those corrects no longer make the 1971 conviction a prohibiting event in the purchase of firearms or ammunition.

3. Award remedies available and all reasonable attorneys' fees, costs, and expenses pursuant to 18 U.S.C. § 925A and 42 U.S.C. § 1988, or any other applicable law; and

4. Grant any such other and further relief as the Court may deem proper.

Dated: October 7, 2022

**MICHEL & ASSOCIATES, P.C.**

*/s/ C.D. Michel*
C.D. Michel
Tiffany D. Cheuvront
Matthew D. Cubeiro
Attorneys for Plaintiff